UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRENT WISSENBACK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RENOWN REGIONAL MEDICAL CENTERS,<br><br>　　　　Defendant. | Case No. 3:19-cv-00632-RCJ-WGC<br><br>**ORDER** |

Plaintiff brings a claim for breach of contract based on Defendant's alleged failure to provide adequate medical care to his now-deceased-fiancée. Defendant filed two motions to dismiss, and Plaintiff has failed to respond to either's merits. This Court therefore dismisses the case but does so without prejudice because there is no subject-matter jurisdiction.

**BACKGROUND**

In his complaint, (ECF No. 1), Plaintiff alleges the following: Plaintiff is currently a resident of California. "Defendant, Renown Regional Medical Centers, is a complex in the State of Nevada, county of Washoe , City of Reno[.]" "Renown Medical is a corporation organized and existing by virtue of the laws of the United States and may be served with process by upon its

///

registered agent, They are Their Own Registered Agent, 50 W. Liberty St., Reno, Nev. 89501[.]" Plaintiff was engaged to Ms. Vicky Anderson at the time of the conduct at issue.

Ms. Anderson "was admitted to to [sic] Renown Hospital, Reno South Meadows, for a hip replacement. [Plaintiff] transported her to that facility. Her wrongful death followed and dismemberment in four separate surgeries, entailed. She was further refused return for treatment in a separate Renown facility and she died two weeks later." Because of this, Plaintiff claims that Defendant breached a contract and therefore seeks damages in excess of $15,000. The complaint does not cite any jurisdictional statute.

On February 3, 2020, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b), based on lack of subject-matter jurisdiction, standing, and a certificate of merit required by NRS 41A.071. (ECF No. 6.) Defendant also argues that Plaintiff's case is barred by the statute of limitations and fails to state a claim. (*Id.*) The next day, this Court issued a *Klingele* notice to Plaintiff, which stated, in pertinent part, that Defendant's motion to dismiss is a "dispositive motion" that "may terminate either some portion or all of this lawsuit, if granted," and that Plaintiff has fourteen days to respond from the date of this notice. (ECF No. 8.) The notice further stated, "The failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." (*Id.* (citing LR 7-2(d)).) Despite this notice, Plaintiff never responded to the motion.

Defendant then again moved for dismissal on April 9; this time under Fed. R. Civ. P. 41(b), arguing that Plaintiff has failed to prosecute his case. (ECF No. 9.) After the filing of this motion, this Court issued a second *Klingele* notice. (ECF No. 10.) Despite the deadline for response being April 24, Plaintiff did not file anything until May 20. (ECF No. 11.) This filing states that it is in response to the second motion to dismiss but, in substance, only alleges that he has retained counsel. (*Id.*) To date no attorney has filed an appearance on behalf of Plaintiff.

**ANALYSIS**

Plaintiff has not addressed the merits of either motion to dismiss, and this failure allows this Court to grant the motions as unopposed. LR 7-2(d); *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). This Court consequently dismisses the case, but a question remains—whether the Court should dismiss this case with or without prejudice.

In its motions, Defendant seeks dismissal with prejudice, but it also argues that this Court lacks subject-matter jurisdiction. This Court does lack subject-matter jurisdiction, which precludes such relief, *Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (holding that a dismissal for want of subject-matter jurisdiction should be without prejudice); *see Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("'No jurisdiction' and 'with prejudice' are mutually exclusive.").

Plaintiff does not allege that any jurisdictional statute is satisfied but appears to seek diversity jurisdiction. Such jurisdiction is proper where a plaintiff alleges facts sufficient to show two elements: diversity of citizenship among the parties and more than $75,000 in controversy. 28 U.S.C. § 1332(a). While Plaintiff does allege diversity of citizenship, there are insufficient allegations to state that more than $75,000 is in controversy. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."). The nature of the contract is unclear, so this Court cannot infer that this claim is worth more than $75,000, and Plaintiff merely alleges that his claim is worth more than $15,000. (ECF No. 1.) This Court therefore concludes that it lacks subject-matter jurisdiction and dismisses the case without prejudice.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 6) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 9) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the case is dismissed without prejudice and that the clerk shall close the case.

IT IS SO ORDERED.

Dated September 22, 2020.

_____
ROBERT C. JONES
United States District Judge